J-A01002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| IN THE INTEREST OF: K.A.R.J., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.J., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2161 EDA 2018 |

Appeal from the Decree Entered June 21, 2018
In the Court of Common Pleas of Philadelphia County Family Court at
No(s):  CP-51-AP-0001266-2016,
FID: 51-FN-001981-2014

BEFORE:  OTT, J., STABILE, J., and McLAUGHLIN, J.

CONCURRING MEMORANDUM STATEMENT BY McLAUGHLIN, J.:          **FILED MARCH 26, 2019**

I agree with the learned majority that the trial court did not abuse its discretion in terminating the parental rights of M.J. ("Mother"), and agree with the court's analysis of 23 Pa.C.S.A. § 2511(b). However, I would affirm the termination under Section 2511(a)(8), rather than under Section 2511(a)(1).

I believe the trial court abused its discretion in terminating Mother's rights under Section 2511(a)(1). Section 2511(a)(1) requires a court to consider a parent's conduct for at least six month's immediately preceding the filing of a termination proceeding and, here, the termination petition was filed a little more than a month after this Court reversed a prior order terminating Mother's parental rights. I, therefore, do not believe the court could properly terminate under Section 2511(a)(1).

However, this Court may affirm an order terminating parental rights if it agrees with the trial under any one subsection of Section 2511(a), as well as Section 2511(b). ***In re B.L.W.***, 843 A.2d 380, 384 (Pa.Super. 2004) (*en banc*). Here, the trial court also terminated Mother's rights under Section 2511(a)(8). I would find that the trial court did not abuse its discretion in terminating Mother's parental rights under Section 2511(a)(8), for the reasons set forth in the trial court's opinion.